UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ULLRICH GNOTH FOTO-GRAFIK-DESIGN and COPYTRACK GMBH,**

    Plaintiffs,

v.                                                                                          Case No: 5:23-cv-69-JA-PRL

**FIRST ELITE INSURANCE, LLC,**

    Defendant.

### REPORT AND RECOMMENDATION[1]

Before the Court in this copyright infringement case is the plaintiffs' motion for entry of final default judgment against Defendant First Elite Insurance, LLC ("First"). (Doc. 12). To date, First has not made an appearance in this action. For the reasons explained below, I submit that Plaintiffs' motion be granted to the extent that final default judgment be entered against Defendant, Plaintiffs are entitled to recover $499.00 in actual damages and $467.00 in taxable costs, and a permanent injunction be entered against Defendant.

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

I.     BACKGROUND

As alleged in the complaint, Plaintiffs, Ullrich Gnoth Foto-Grafik-Design ("Ullrich") and COPYTRACK GmbH ("Copytrack"), are foreign entities with their principal places of business in Germany. (Doc. 1 at ¶¶ 2–3). Ullrich is the owner and author of a copyrighted work (the "Work"):



(Docs. 1 at ¶ 8 & 1-1 at 2). The Work's enforcement rights are assigned to Copytrack. (Doc. 1 at ¶ 8). On December 16, 2019, First displayed the Work on its Facebook social media page (facebook.com/firsteliteins). (Docs. 1 at ¶ 12 & 1-2 at 2). First did not license the Work from Plaintiffs nor did it have their permission or consent to publish the Work. (Doc. 1 at ¶ 13).

At least ten times before initiating this action, Copytrack gave First written notification that the work is copyrighted and demanded it cease its infringing use of the work and pay the license fee. (Docs. 12 at 6–7 & 12-1 at 2). First did not respond, but Copytrack received read receipts for several messages on December 17, 2020, and February 4, 2021. (Docs. 12 at 6–7

& 12-1 at 2). On January 27, 2023, Plaintiffs initiated this lawsuit, asserting a single count for copyright infringement under the Copyright Act, 17 U.S.C. § 501. (Docs. 1 at 3–5 & 12 at 2). On April 5, 2023, Plaintiffs served Defendant with the complaint and summons. (Doc. 8). Defendant failed to file a responsive pleading. On May 3, 2023, the Clerk entered default. (Doc. 10). To date, Defendant has not sought to vacate the default or otherwise appeared or defended this action. On September 5, 2023, Plaintiffs filed the instant motion for default judgment, seeking $6,000.00 in actual damages, $492.00 in costs, and a permanent injunction. (Doc. 12 at 2).

## II.   LEGAL STANDARDS

Under Federal Rule of Civil Procedure 55, a two-part process exists for obtaining a default judgment. First, the party must obtain an entry of default from the clerk of court. Fed. R. Civ. P. 55(a). Second, "the party must apply to the court for default judgment." Fed. R. Civ. P. 55(b). Although "a default is not treated as an absolute confession by the defendant of his [or her] liability and of the plaintiff's right to recover, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (internal quotation marks omitted). Thus, the court "must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id.* Additionally, before entering a default judgment, a court has "an obligation to assure there is a legitimate basis for any damage award it enters." *Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

Further, although "well-pleaded facts in the Complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default;

rather, the court must determine both the amount and character of damages." *Virgin Recs. Am., Inc. v. Lacey*, 510 F. Supp. 2d 588, 593 n.5 (S.D. Ala. 2007). Even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." *Philpot*, 317 F.3d at 1266; *see also Adolph Coors Co. v. Movement Against Racism & The Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for the award). Finally, under Rule 55(b) the court has discretion to hold an evidentiary hearing to determine appropriate damages, but it is not required to, particularly where there is sufficient evidence in the record. *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011). Non-conclusory affidavits based on personal knowledge can be sufficient evidence to establish damages. *See id.* (quoting *Ellis v. England*, 432 F.3d 1321, 1327 (11th Cir. 2005)); *see also Grubbs v. A-1 Gutters & More, LLC*, No. 17-14304-CIV, 2018 WL 4410919, at *2 (S.D. Fla. June 29, 2018) (citations omitted); *see also Almeira v. GB House, LLC*, No. 8:14-CV-00045-T-27, 2014 WL 1366808, at *1 (M.D. Fla. Apr. 7, 2014).

### III. DISCUSSION

**A. Liability**

A default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" itself in a lawsuit. Fed. R. Civ. P. 55(a). Here, First failed to participate in this case, even though it was provided with notice of it on April 5, 2023. (Doc. 8). Therefore, so long as Plaintiffs' factual allegations support each element of their claim, a default judgment is appropriate.

Here, Plaintiffs allege that First violated 17 U.S.C. § 501 by infringing on their copyrighted Work. To prevail on a claim of copyright infringement, Plaintiffs must establish

that (1) they own a valid copyright in the work in question and (2) the defendant "copied original elements of the copyrighted materials." *Le Paradis Latin SA v. Paradis Latin, Inc.*, No. 10-22555-CIV, 2011 WL 13220781, at *6 (S.D. Fla. Feb. 4, 2011) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Generally, copyright registration is necessary to establish ownership of a valid copyright. *Le Paradis Latin SA*, 2011 WL 13220781, at *6 n.3. However, copyright registration is unnecessary for works such as the instant one that originate in Germany, a signatory country to the Berne Convention. *Id.*; *see Moberg v. 33T LLC*, 666 F. Supp. 2d 415, 421 n.9 (D. Del. 2009).

Here, by failing to answer the complaint, First admits that the Work originated in Germany, and that it is owned by Plaintiffs. This is sufficient to establish that the Plaintiffs own a valid copyright in the Work. Plaintiffs have alleged that First used the Work on its Facebook social media page without their license, permission, or consent. Through its default, First admits that it copied the Work.

Accordingly, because all elements of copyright infringement have been established, First is liable for copyright infringement under 17 U.S.C. § 501.

**B. Damages**

Plaintiffs seek an award of $6,000.00 in actual damages against First. (Docs. 1 at 5 & 12 at 2, 7, 9, 11). Under 17 U.S.C. § 504, a plaintiff may elect to recover either actual or statutory damages "at any time before final judgment is rendered." *Jordan v. Time, Inc.*, 111 F.3d 102, 104 (11th Cir. 1997) (quoting 17 U.S.C. § 504(c)). In default judgment cases, courts find statutory damages particularly appropriate "because the information needed to prove actual damages is uniquely within the defaulting infringers' control." *Design Mart, LLC v. A Matalucci & Son Mem'l Artisans, LLC*, No. 3:21-CV-22 (CAR), 2022 WL 1548172, at *3 (M.D.

Ga. May 16, 2022) (quoting *Hawaiiweb, Inc. v. Experience Haw., Inc.*, No. 1:16-CV-00405-WSD, 2017 U.S. Dist. LEXIS 11127, 2017 WL 382617, at *7 (N.D. Ga. Jan. 27, 2017)). Here, Plaintiffs seek an award of *actual* damages, despite contending that Defendant's default prevents them from identifying profits related to its infringement. (Docs. 1 at 5; 12 at 7–9; 12-1 at 2–3).

As discussed in the Court's Order to show cause, although Plaintiffs seek an award of $6,000.00 in actual damages, they only provide support for $499.00. (Doc. 13). That Order addressed deficiencies in Plaintiffs' request for actual damages and gave them ten days to respond and provide additional evidence in support of their claim. *Id.* Plaintiffs did not respond, and accordingly, I submit that consistent with that Order, and as detailed below, Plaintiffs are entitled to $499.00 in actual damages. *Id.*

Plaintiffs calculate their actual damages as $6,000.00, representing a $499.00 retroactive license fee for the infringed copyrighted image (the "Work") with a two times multiplier on the cost of the fee based on the duration of use (equaling $1,000), a two times multiplier for scarcity (equaling $2,000), and a three times multiplier for willful infringement (equaling $6,000). Id. at 7–9.

Actual damages are often measured by the revenue that the plaintiffs lost because of the infringement. *Thornton v. J Jargon Co.*, 580 F. Supp. 2d 1261, 1276 (M.D. Fla. 2008) (first quoting *Montgomery v. Noga*, 168 F.3d 1282, 1295 n.19 (11th Cir. 1999); then quoting *On Davis v. Gap, Inc.*, 246 F.3d 152, 164 (2d Cir. 2001)). A claim for lost profits may "include a retroactive license fee measured by what the plaintiff would have earned by licensing the infringing use to the defendant." *Thornton*, 580 F. Supp. 2d at 1276 (first citing *Montgomery*, 168 F.3d at 1295–96; then citing *On Davis*, 246 F.3d at 166). Plaintiffs are entitled to a

retroactive licensing fee if they show that the Work had a fair market value, which they can do by "produc[ing] evidence of benchmark licenses, that is, what licensors have paid for use of similar work." *Thornton*, 580 F. Supp. 2d at 1276–77 (citations omitted). Here, to establish that the license fee of $499.00 is appropriate, Plaintiffs provide an affidavit from their counsel that Getty Images Inc. ("Getty"), offers similar quality images to the Work for $499.00. (Doc. 12-1 at 2–3).

However, neither Plaintiff provides an affidavit stating that they would have charged the defendant or another a $499.00 licensing fee *annually* for the Work or a similar copyrighted image.[2] *Cf. Reiffer v. Legendary Journeys, Inc.*, No. 8:17-CV-2748-T-35AAS, 2019 WL 2029973, at *3 & n.4 (M.D. Fla. Apr. 10, 2019), *report and recommendation adopted*, No. 8:17-CV-2748-MSS-AAS, 2019 WL 2029829 (M.D. Fla. May 2, 2019) (applying multiplier for number of uses and length of infringement where author represented that fee for image was annual charge differing depending on company seeking license); *see also Sadowski v. Orion Healthcare Servs., Inc.*, No. 21-CV-24475, 2022 WL 3155037, at *4 (S.D. Fla. July 21, 2022), *report and recommendation adopted*, No. 21-24475-CV, 2023 WL 2581349 (S.D. Fla. Mar. 21, 2023). Hence, it appears that a $499.00 retroactive license fee for the Work is appropriate based on the benchmark licensing fee established by Getty, regardless of the duration of use.

Moreover, Plaintiffs fail to provide evidence that a scarcity multiplier is appropriate. Notably, Plaintiffs contention that Getty offers "similar quality photographs" to the Work to support their proposed license fee value (which the Court accepts), undermines their claim that a scarcity multiplier should also be applied to the Work. (Doc. 12-1 at 2–3); *cf. Reiffer*,

---

[2] Further, it is unclear that Getty charges $499.00 on an annual basis, and Plaintiffs do not provide such evidence.

2019 WL 2029973, at *3 (applying scarcity multiplier where, among other things, infringement "created the inaccurate impression that [the work] . . . was a readily available stock photo").

Finally, Plaintiffs request a multiplier to account for the willfulness of the infringement. A defendant's default is sufficient for the Court to infer willfulness. *Bowers v. David Jacobs-Publ'g Grp., LLC*, No. 8:19-CV-1361-T-35TGW, 2019 WL 8989845, at *3 (M.D. Fla. Oct. 31, 2019) ("A court may infer that a defendant's copyright infringement is willful based on the defendant's default alone.") (citations omitted). Importantly, however, a plain reading of the statute reveals that the multiplier for willfulness is only available for awards of statutory (rather than actual) damages. 17 U.S.C. § 504(c)(2). The Order to show cause, noting that a willfulness multiplier appears to be only available in the context of statutory damages, gave Plaintiffs an opportunity to elect statutory damages instead of actual damages—Plaintiffs did not make such an election.[3] Hence, damages should not be trebled to account for willful copyright infringement.

Accordingly, I submit that Plaintiffs are entitled to $499.00 in damages, representing the retroactive license fee.

### C. Injunction

Additionally, Plaintiffs request an injunction. The Copyright Act specifically provides for injunctive relief. 17 U.S.C. § 502(a). To determine whether injunctive relief is warranted,

---

[3] That Order also recognized that Plaintiffs could elect to recover statutory damages before final judgment was entered, and that in cases of default judgment, courts find statutory damages particularly appropriate "because the information needed to prove actual damages is uniquely within the defaulting infringers' control." *Design Mart, LLC v. A Matalucci & Son Mem'l Artisans, LLC*, No. 3:21-CV-22 (CAR), 2022 WL 1548172, at *3 (M.D. Ga. May 16, 2022) (quoting *Hawaiiweb, Inc. v. Experience Haw., Inc.*, No. 1:16-CV-00405-WSD, 2017 U.S. Dist. LEXIS 11127, 2017 WL 382617, at *7 (N.D. Ga. Jan. 27, 2017)); 17 U.S.C. § 504(c)(1).

Plaintiffs must establish: (1) irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendants, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). In copyright cases, irreparable injury "is presumed on a showing of a reasonable likelihood of success on the merits." *Arista Recs., Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003) (citing *Micro Star v. Formgen, Inc.*, 154 F.3d 1107, 1109 (9th Cir. 1998)). Thus, "entry of default judgment on liability establishes likelihood of success of the merits and irreparable harm to the plaintiff." *Reiffer*, 2019 WL 2029973, at *4 (citing *Arista Recs., Inc.*, 298 F. Supp. 2d at 1314).

      Here, Defendant's default establishes that Plaintiffs suffered an irreparable injury. *See, e.g.*, *Reiffer*, 2019 WL 2029973, at *5. Second, as Defendant continued displaying the copyrighted work after receiving at least ten messages demanding it cease the infringing use, monetary damages will not ensure that the infringement stops. *See Bowers v. David Jacobs-Publ'g Grp., LLC*, No. 8:19-cv-1361, 2019 WL 8989845, at *4 (M.D. Fla. Oct. 31, 2019); (Docs. 12 at 6–7 & 12-1 at 2). Third, Plaintiffs would endure greater hardship than Defendant if its use of the Work was not enjoined. Fourth and finally, a permanent injunction would serve the public interest by protecting a copyrighted work. *See, e.g.*, *Reiffer*, 2019 WL 2029973, at *5.

      Accordingly, I submit that the Court should grant Plaintiffs' request to permanently enjoin "Defendant and its officers, directors, owners, agents, employees, successors, heirs and assigns, and any other persons acting in concern or privity or in participation with any of them," from infringing on the Work.

**D. Costs**

Finally, Plaintiffs request $492.00 in taxable costs, including $402.00 for the filing fee and $90.00 for service of process. (Doc. 12 at 9–10). Under the Copyright Act, the Court "may allow the recovery of full costs" for the prevailing party as listed in 28 U.S.C. § 1920. 17 U.S.C. § 505; *Reiffer*, 2019 WL 2029973, at *7 (first citing *Artisan Contractors Ass'n of Am., Inc. v. Frontier Ins. Co.*, 275 F.3d 1038, 1039 (11th Cir. 2001); then citing *Broadcast Music, Inc. v. PRB Prod., Inc.*, No. 6:13-CV-1917-Orl-31KRS, 2014 WL 3887509, at *7–8 (M.D. Fla. Aug. 7, 2014)). While Plaintiffs did not file a Bill of Costs (AO Form 133), their counsel has supplied an affidavit attesting to $492.00 in costs for the filing fee and service of process. *See Wade v. Allyrides LLC*, No. 2:21-CV-393-SPC-NPM, 2022 WL 903070, at *1 (M.D. Fla. Mar. 11, 2022), *report and recommendation adopted*, No. 2:21-CV-393-SPC-NPM, 2022 WL 899702 (M.D. Fla. Mar. 28, 2022).

First, Plaintiffs request $402.00 for the filing fee paid to the Clerk to initiate their lawsuit. (Doc. 1). Filing fees are recoverable as "[f]ees of the clerk[.]" 28 U.S.C. § 1920(1); *Reiffer*, 2019 WL 2029973, at *7. Hence, Plaintiffs may recover $402.00 for the filing fee paid to the Clerk.

Second, Plaintiffs request $90.00 for the cost of service of process on Defendant. (Doc. 12-1 at 3, 19). Costs for service of process are recoverable under § 1920(1). *Reiffer*, 2019 WL 2029973, at *7. However, the fees recoverable when a party uses a private server "may not exceed the statutory maximum for service by the U.S. Marshals Service, which is currently $65 per hour." *Id.* (first citing *EEOC v. W & O, Inc.*, 213 F.3d 600, 623–24 (11th Cir. 2000); then citing 28 C.F.R. § 0.114(a)(3)). Hence, Plaintiffs (who provided no information about how long service took) are entitled to recover $65.00 of the process server fees.

Accordingly, I submit that Plaintiffs are entitled to an award of $467.00 in taxable costs.

### IV. RECOMMENDATION

For the foregoing reasons, I submit that Plaintiffs' motion (Doc. 12) should be **granted** to the extent that final default judgment is entered against Defendant and Plaintiffs are entitled to recover $499.00 in actual damages, $467.00 in taxable costs, and a permanent injunction against Defendant.

Recommended in Ocala, Florida on November 15, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy